**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

---

E[redacted] J[redacted], an Infant, by Parent and Natural Guardian,
KERRI JONES;

Plaintiffs,

-v-

STIPULATION
Case No.: 5:21-cv-00327-TJM-ML

UNITED STATES OF AMERICA;
CINTHIA ELKINS, M.D., PHD;
REGIONAL MEDICAL PRACTICE, P.C.;
GUTHRIE CORTLAND MEDICAL CENTER;
KELLY HIRSCH, PNP, FNP, IBCLC,

Defendants.

---

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE

It is hereby stipulated by and between the undersigned Plaintiff (meaning any person other than the Defendant(s), the parties' attorney(s) and the settlement broker, signing this agreement waiving and releasing claims, whether or not a party to this civil action),, and the Defendant(s), Cinthia Elkins, M.D., PHD; Guthrie Cortland Medical Center, including its agents, servants, and employees, and; Kelly Hirsch, PNP, FNP, IBCLC, collectively "the Defendants," by and through their respective attorneys, as follows:

1. The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captions action under the terms and conditions set forth in this Stipulation.

2. This Stipulation is not, is in no way intended to be and should not be construed as an admission of liability or fault on the part of the Defendants , and their agents, servants or employees, and it is specifically denied that they are liable to the Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

3. In consideration for the Plaintiffs' agreement to accept the terms and conditions of this settlement in full settlement, satisfaction, and release of their past, present, and future claims arising out of the subject matter of this action, the Defendants agree to pay the cash sums set forth below in Paragraph 3.a. and to purchase the annuity contract(s) described below in Paragraph 3.b.

a. Within three business days after counsel for the Defendants receives (1) this Stipulation signed by all parties to said document; (2) the Social Security numbers or tax identification numbers of Plaintiffs and their attorneys; (3) a fully executed waiver and release by each private individual, of any and all past and present claims or liens for reimbursement or payment any private individual may have from any benefits or payments made by them to or on behalf of Infant E███ J███ arising out of the subject matter of this action, if any; (4) a court order approving the settlement on behalf of Infant E███ J███, and; (5) a final determination by the New York Medical Indemnity Fund (hereinafter "Fund") that E███ J███ is enrolled in the Fund and that the Fund will pay Infant's future medical care costs, Defendants will make payment in the amount of $3,200,000 as follows:

(i) Defendants will fund an annuity in the amount of $1,000,000 and the remaining amount of $2,1000,000 will be issued to DeFrancisco & Falgiatano Law Firm

DeFrancisco & Falgiatano Law Firm will issue a check in the amount of Five Hundred Thirty Four Thousand Eight Hundred Seventy dollars and Eighteen cents ($534,870.18) to fund the E███ J███ Supplemental Needs Trust; Five Hundred Thousand Dollars ($500,000.00) (hereinafter

"Upfront Cash") made payable to Kerri Jones, and delivered to the United States Attorney's Office for the Northern District of New York to hold until Plaintiffs' attorney has filed a motion with the United States District Court for the Northern District of New York to dismiss this action in its entirety with prejudice as to the United States only, with each party to bear its own costs, expenses, and fees.

ii. Pay to an annuity company(ies), with an A+ or better New York approved Life Company, the sum of One Million Dollars ($1,000,000.00) to purchase the annuity contract described in paragraph 3.b. below.

b. The Defendants will purchase an annuity contract to pay E[redacted] J[redacted] Supplemental Needs Trust (DOB: [redacted], 2019) the sum of $3,924.80 per month for life and guaranteed for 40 years beginning July 1, 2024 with the last guaranteed payment on June 1, 2064 Plaintiffs has confirmed the date of birth for E[redacted] J[redacted].

In the event that the total purchase price of the annuity contract has changed by the date of purchase, the annuity payments set forth in this Paragraph 3.b shall be adjusted either upward or downward so the purchase price of the annuity contract shall be neither more nor less than One Million Dollars ($1,000,000.00).

Upon the death of E[redacted] J[redacted], any payments remaining during the period certain shall be paid to the Estate of E[redacted] J[redacted] or to a person designated by E[redacted] J[redacted] during their lifetime, provided that any such designation shall be done on a form acceptable to, and subject to the approval of, the annuity company and the Defendants.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns do hereby agree to (1) maintain with the annuity company and the Defendants a current mailing address, (2) notify the annuity company and the Defendants of the death of E[redacted] J[redacted] within ten (10) days of death, and (3)

provide the annuity company and the Defendants with a certified death certificate within thirty (30) days of death.

4. In consideration of the Defendants agreeing to settle this action on the terms and conditions set forth herein, the Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns hereby agree to:

a. Accept the terms and conditions of this settlement, including the payment of the sums set forth above in Paragraph 3.a and the purchase of the annuity contract set forth above in Paragraph 3.b, in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of E[redacted] J[redacted], or damage to property, and the consequences thereof, which the Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the Defendants on account of the subject matter of that gave rise to the above-captioned action.

b. Reimburse, indemnify, and hold harmless the Defendants from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

c. Pay or resolve any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid, and Medicare, arising from the injuries that are the subject matter of this action. Plaintiffs and their heirs,

executors, administrators, or assigns further agree to satisfy or resolve any and all known claims for payment/reimbursement and liens arising from the injuries that are the subject matter of this action before their attorneys distribute to the Plaintiffs any portion of the Upfront Cash paid pursuant to Paragraph 3.a.(1) above. The Plaintiffs further agree that, no later than ninety (90) days from the date the Defendants have paid the Settlement Amount, their attorney shall provide to the Defendants evidence that each claim or lien has been satisfied or resolved and that all lienholders and claimholders have waived and released all such liens and claims. The evidence required by the terms of this paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the Defendants that each such lien or claim has been satisfied or resolved and that all lienholders and claimholders have waived and released such liens and claims.

d. Obtain a final determination by the Fund that E█ J█ is covered by said Fund and that her future medical care costs will be paid by the Fund. In furtherance of this agreement, Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby further agree to enrollment in the Fund by submitting a complete and accurate application for enrollment and any other documentation or information required for enrollment and by signing any documentation required for enrollment. In the event E█ J█ is enrolled and accepted in the Fund, the Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby further agree that they will submit any documentation or information, and sign any documentation, required to maintain her enrollment in the Fund. In addition, in seeking Court approval of this settlement on behalf of E█ J█, Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby stipulate and agree to request that the Court find and hold that E█ J█ has sustained a "birth-related neurological injury;" that they is a "qualified plaintiff" as defined under N.Y. Pub. Health L. §§ 2999-(h)(1) and (h)(4); and that they is therefore eligible for enrollment in the Fund. Plaintiffs and their successors, heirs, executors,

administrators, and assigns do hereby further agree that, solely for the purpose of E J enrollment in the Fund, the Settlement Amount of $8,200,000.00 to be paid by the Defendants pursuant to this Stipulation shall be for non-Fund damages (i.e., past medical expenses, pain and suffering, lost earnings) and that the anticipated Fund damages (i.e., future medical expenses) shall be Four Million One Hundred Thousand Dollars ($4,100,000.00). Plaintiffs and their successors, heirs, executors, administrators, and assigns further agree to provide the Defendants with a copy of Fund's written determination within ten (10) business days of the determination. In the event the Fund does not accept E J for enrollment and coverage, Plaintiffs and their successors, heirs, executors, administrators, and assigns further agree to appeal or request a review of the Fund's determination, to the extent such rights of appeal or review are available under the law.

5. This compromise settlement is specifically subject to each of the following conditions:

a. The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void.

b. E J must be alive at the time the annuity contract(s) described above in Paragraph 3.b. is (are) purchased. In the event of the death of E J prior to the date the annuity contract is purchased, the entire Stipulation and compromise settlement are null and void.

c. Plaintiffs must obtain, at their expense, an Order by a court of competent jurisdiction approving the settlement on behalf of E J. The terms of such Order, are a condition of this settlement. Plaintiffs agree to obtain such Order in a timely manner: time being of the essence. Plaintiffs further

agree that the Defendants may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event Plaintiffs fail to obtain such court approval, the entire Stipulation and the compromise settlement are null and void.

d. In the event there are any currently known liens or any known claims for payment or reimbursement, including any liens or claims by Medicaid or Medicare, arising out of the subject matter that gave rise to the above-captioned action, whether disputed as legally valid or not, Plaintiffs must obtain a release and waiver from any State, private entity, or private individual who claims to have such lien or claim. For purposes of this Stipulation, such lien or claim includes but is not limited to, a claim or cause of action for reimbursement for any payments made to or on behalf of the Plaintiffs or a claim or cause of action for reimbursement for any goods or services provided or furnished to or on behalf of the Plaintiff.

6. The parties shall keep the terms, amount, and fact of such agreement, set forth in this Settlement confidential. The parties will not disclose any information concerning this Settlement to any person, party or entity other than their attorneys, accountants, tax advisors, immediate family members, or others with a need to know based on representing the legal or financial interests of the undersigned. Notwithstanding the above, it is expressly agreed that the parties may state in response to inquiries that the litigation between the parties has been resolved;

7. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

WHEREAS, the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

Executed this 25th day of MARCH, 2024.

BY: ______________________
Eric G. Johnson, Esq.
Smith Sovik Kendrick & Sugnet, PC
Attorneys for Guthrie Defendants

By: ______________________
Charles L. Falgiatano, Esq.
DeFrancisco & Falgiatano Law Firm
Attorneys for Plaintiff

IT IS SO ORDERED:

______________________
Glenn T. Suddaby
U.S. District Judge

Dated: 3/27/2024
Syracuse, NY