UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E.J., an infant, by his Parent and Natural Guardian, KERRI JONES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; CINTHIA ELKINS, M.D, PHD; REGIONAL MEDICAL PRACTICE, P.C.; GUTHRIE CORTLAND MEDICAL CENTER; and KELLY HIRSCH, PNP, FNP, IBCLC,<br><br>Defendants. | Civil Action No. 5:21-CV-00327 (TJM/ML) |

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated by and between the undersigned Plaintiff (meaning any person, other than the defendant and the parties' attorneys signing this agreement waiving and releasing claims, whether or not a party to this civil action), and the Defendant, UNITED STATES OF AMERICA, including its agents, servants, and employees (hereinafter "United States"), collectively, "the parties," by and through their respective attorneys, as follows:

1. The parties to this Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

1

2. This Stipulation, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the Plaintiff. This settlement is entered into by the parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation. The payment of this settlement is subject to there being sufficient funds in the account established pursuant to 42 U.S.C. § 233(k) to pay the settlement in its entirety.

3. In consideration for the Plaintiff's agreement to accept the terms and conditions of this settlement in full settlement, satisfaction, and release of their past, present, and future claims arising out of the subject matter of this action, the United States agrees to pay the cash sum set forth below:

    a. Within five (5) business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Social Security number or tax identification numbers of Plaintiff and her attorneys; (3) a court order approving the settlement on behalf of E.J.; (4) a final determination by the New York Medical Indemnity Fund (hereinafter "Fund") that E.J. is enrolled in the Fund and that the Fund will pay his future medical care costs, and (5) an order dismissing this Action with prejudice, counsel for the United States will request that the cash sum of NINE HUNDRED THOUSAND DOLLARS ($900,000.00) (the "Cash Settlement") will be made to DeFrancisco & Falgiatano, LLP's Attorney Trust Account by electronic funds transfer ("EFT") as per the information provided and verified by counsel for Plaintiff.

    b. With respect to the cash sum payment, Plaintiff stipulates and agrees that

the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Cash Settlement into a qualified settlement fund or an equivalent fund or account. Plaintiff further stipulate and agree that her, her attorney(s), any Guardian Ad Litem, and her representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Cash Settlement, in any way, form, or manner, including by placing any of the Cash Settlement into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.b precludes Plaintiff from purchasing non-qualified annuities after Plaintiff has collected the Cash Settlement, but she agrees that she will not represent to any person, entity, or agency that she is purchasing structured settlement annuities and she agrees they will not attempt to purchase structured settlement annuities.

4. The Parties agree that any attorneys' fees owed by the Plaintiff in this action against the United States under the Federal Tort Claims Act shall not exceed twenty-five percent (25%) of the Cash Settlement as provided in 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiff's costs and expenses of this action against the United States and their costs, expenses, and fees (including all fees of any legal Guardian Ad Litem) associated with obtaining any court approval of this settlement on behalf of infant, E.J. and with obtaining a final determination by the Fund shall be paid out of the Cash Settlement and not in addition thereto. The parties further agree that any fees, including fees for any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for

approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

5.  In consideration of the United States agreeing to settle this action on the terms and conditions set forth herein, the Plaintiff and Plaintiff's guardians, heirs, executors, administrators, and assigns hereby agree to:

   a.  Accept the terms and conditions of this settlement, including the payment of the sums set forth above in Paragraph 3, in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of E.J. or damage to property, and the consequences thereof, which the Plaintiff or her heirs, executors, administrators, or assigns may have or hereafter acquire against the United States on account of the subject matter of that gave rise to the above-captioned action.

   b.  Reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated, contribution, or indemnification interests (whether such claims, causes of action, liens, rights, or subrogated contribution, or indemnification interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death. The Plaintiff also stipulates and agree to hereby release and forever discharge any claim against any other defendant that is premised on vicarious liability for the alleged conduct of the United States on account of

the alleged facts, events, incidents, circumstances, or injuries giving rise to or referred to in this action. All other claims and causes of action by Plaintiff against the non-government defendants may remain and are not dismissed as a result of this Stipulation.

  c. Plaintiff shall pay or resolve any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid, and Medicare, arising from the injuries that arc the subject matter of this action. The Plaintiff and her heirs, executors, administrators, or assigns further agree to satisfy or resolve any and all known claims for payment/reimbursement and liens arising from the injuries that are the subject matter of this action before her attorneys distribute to the Plaintiff any portion of the Cash Settlement paid pursuant to Paragraph 3 above. Plaintiff agrees that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiff, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiff's attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

  d. Obtain a final determination by the Fund that E.J. is enrolled in said Fund and that his future medical care costs will be paid by the Fund. In furtherance of this agreement, Plaintiff and her successors, heirs, executors, administrators, and assigns do

hereby further agree to apply E.J. for enrollment in the Fund by submitting a complete and accurate application for enrollment and any other documentation or information required for enrollment and by signing any documentation required for enrollment. In the event E.J. is enrolled and accepted in the Fund, the Plaintiff and her successors, heirs, executors, administrators, and assigns do hereby further agree that they will submit any documentation or information, and sign any documentation, required to maintain his enrollment in the Fund. In addition, in seeking Court approval of this settlement on behalf of E.J., Plaintiff and her successors, heirs, executors, administrators, and assigns do hereby stipulate and agree to request that the Court find and hold that E.J. has sustained a "birth-related neurological injury;" that he is a "qualified plaintiff" as defined under N.Y. Pub. Health L. §§ 2999-(h)(1) and (h)(4); and that he is therefore eligible for enrollment in the Fund. Plaintiff and her successors, heirs, executors, administrators, and assigns do hereby further agree that, solely for the purpose of E.J.'s enrollment in the Fund, the Cash Settlement of NINE HUNDRED THOUSAND DOLLARS ($900,000.00) to be paid by the United States pursuant to this Stipulation shall be for non-Fund damages (*i.e.*, pain and suffering, non-medical economic losses, attorney's fees, liens, and disbursements. Plaintiff and her successors, heirs, executors, administrators, and assigns further agree to provide the United States with a copy of Fund's written determination within ten (10) business days of receipt of the notice of the determination. In the event the Fund does not accept E.J. for enrollment and coverage, Plaintiff and her successors, heirs, executors, administrators, and assigns further agree to appeal or request a review of the Fund's determination, to the extent such rights of appeal or review are available under the law. In the event the final

determination of the Fund is to reject E.J. for enrollment, the parties stipulate and agree that the aforementioned "non-Fund damages" amounts are not binding on any party and shall be considered compromise offers and negotiations for purposes of Rule 408 of the Federal Rules of Civil Procedure, and therefore the parties agree that they will not offer or use these damages amounts for any other purpose.

6.  This compromise settlement is specifically subject to each of the following conditions:

   a.  The Parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The Parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the Parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void.

   b.  Plaintiff must obtain, at their expense, an Order by a court of competent jurisdiction approving the settlement on behalf of E.J. The terms of such Order, a draft of which shall be provided to the United States, are a condition of this settlement. Plaintiff agrees to obtain such Order in a timely manner: time being of the essence. Plaintiff further agrees that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event Plaintiff fails to obtain such court approval, the entire Stipulation and the compromise settlement are null and void.

   c.  The Plaintiff must obtain such final determination by the Fund before the

United States Attorney's Office will release the Settlement Amount. In the event that the Fund does not accept E.J., this Court shall retain jurisdiction over this case to conduct further proceedings.

    d.    The United States District Court for the Northern District of New York must dismiss the United States from this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above-captioned action, this settlement, or the United States.

7.    The Parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the Plaintiff expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

8.    Plaintiff shall be solely responsible for full compliance with all applicable Federal, State and Local tax requirements. Plaintiff executes this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiff agrees that they are responsible for the payment of all taxes that may be associated with this settlement. Further, nothing in this Stipulation waives or modifies Federal, State, or Local laws pertaining to taxes, offset, levies, and liens that apply to this Stipulation or the Cash Settlement proceeds. Plaintiff executes this Stipulation without reliance on any representation by the United States as to the application of any such law. Plaintiff, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of business of the United States and may be

subject to offset pursuant to the Treasury Offset Program.

9. Plaintiff represents that they have read, reviewed and understand this Stipulation, and that she is fully authorized to enter into the terms and conditions of this agreement and that she agrees to be bound thereby. Plaintiff further acknowledges that she enters into this Stipulation freely and voluntarily. Plaintiff further acknowledge that she has had sufficient opportunity to discuss this Stipulation with her attorney(s), who has/have explained the documents to Plaintiff and that Plaintiff understands all of the terms and conditions of this Stipulation.

10. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

**WHEREAS,** the Parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

Executed this 23 day of February 2024.

_Kerri Jones_
Kerri Jones as Parent and
Natural Guardian of E.J.

Executed this 23rd day of February, 2024.

_Charles Falgiatano_
Charles Falgiatano, Esq.
DeFrancisco & Falgiatano, LLP.
Attorneys for Plaintiff
6739 Myers Road
East Syracuse, New York 13057

Executed this __25__ day of __March__, 2024.

                CARLA B. FREEDMAN
                United States Attorney

           By: *Ransom Reynolds*
               Ransom P. Reynolds
               Assistant United States Attorney
               Bar Roll No. 512035

**SO ORDERED:**

Dated: __March 27, 2024__,

               Glenn T. Suddaby
               U.S. District Judge